1  DESAI LAW FIRM, P.C.
   Aashish Y. Desai, Esq. (SBN 187394)
2  Adrianne De Castro, Esq. (SBN 238930)
   3200 Bristol St., Suite 650
3  Costa Mesa, CA 92626
   Telephone:  (949) 614-5830
4  Facsimile:   (949) 271-4190
   aashish@desai-law.com
5  adrianne@desai-law.com

6  C. Ryan Morgan
   *Pro hac vice forthcoming*
7  Florida Bar No. 15527
   MORGAN & MORGAN, P.A.
8  20 N. Orange Avenue, Suite 1400
   Orlando, FL 32801
9  Telephone: (407) 418-2069
   Facsimile: (407) 245-3401
10 rmorgan@forthepeople.com
   Attorneys for Solomon and the Classes

11

12              **UNITED STATES DISTRICT COURT**

13             **CENTRAL DISTRICT OF CALIFORNIA**

14
   DARCY SOLOMON, on behalf of himself )   CASE NO.:
15 and all others similarly situated,   )
                                        )
16          Plaintiffs,                 )   **CLASS   AND   COLLECTIVE**
                                        )   **ACTION COMPLAINT FOR:**
17      vs.                             )
                                        )
18 TEAM ADHOC, LLC and EAST WEST        )   **1)  VIOLATION OF 29 U.S.C**
   BANK,                                )       **§216(B)**
19                                      )
            Defendants.                 )   **(2)  VIOLATION OF CAL. LABOR**
20                                      )       **CODE §510**
                                        )
21                                      )   **(3)  VIOLATION OF CAL. LABOR**
                                        )       **CODE §§ 201-203**
22                                      )
                                        )   **(4)  VIOLATION OF CALIFORNIA**
23                                      )       **BUSINESS & PROFESSIONS**
                                        )       **CODE § 17200**
24                                      )
                                        )
25                                      )   DEMAND FOR JURY TRIAL
                                        )
26                                      )
                                        )
27                                      )

28

                                      1

SUMMARY

1. Team Adhoc, LLC (Team Adhoc) is a "leading provider of business services to companies seeking expertise in accounting, financial planning and analysis, financial reporting and information technology." *See* www.adhoc911.com. Here, Team Adhoc provided numerous "BSA Analysts" and other similarly situated anti-money laundering type analysts to East West Bank (East West). Team Adhoc handles several administrative aspects of the workers' employment, while East West - among other things - directs and controls their day to day job duties, controls their hours of work, and effectively maintains the right to hire and fire these workers. So Team Adhoc and East West (collectively, Defendants) jointly employ these workers.

2. Defendants failed to pay their joint employees, including Darcy Solomon (Solomon), overtime as required by state and federal law.

3. Instead, Defendants paid these workers the same hourly rate for all hours worked, including those in excess of 40 (forty) in a workweek. Solomon brings this class and collective action to recover the unpaid overtime and other damages owed to him, and other similarly situated workers, under state and federal law.

JURISDICTION AND VENUE

4. This Court has original subject matter jurisdiction over Solomon's Fair Labor Standards Act (FLSA) claim pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b). The Court has supplemental jurisdiction over Solomon's state law claims because these claims for unpaid wages and related damages arise from the same practices and policies as the federal claims. 28 U.S.C. § 1367.

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 since a significant portion of the facts giving rise to this lawsuit occurred in this District and Division. Solomon worked for Defendants in this District and Division and Defendants have offices in this District and Division.

### THE PARTIES

6.     Solomon was an hourly employee of Defendants.  He was jointly employed by Defendants from September 2016 to December 2016.

7.     Team Adhoc is a California corporation (www.adhoc911.com).  It has "over 25 years of combined experience" and operates out of Pasadena, California. *See* www.adhoc911.com/company/ and www.adhoc911.com/contact-us/.

8.     East West is "one of the largest independent banks headquartered in California" with over 130 locations. *See* www.eastwestbank.com/Views/Pages/about/.  East West's corporate headquarters are located in Pasadena, California, within this District and Division.

### THE FACTS

9.     Team Adhoc is a staffing company that provides skilled personnel for its clients (such as East West Bank) in a range of services in the United States.

10.     Team Adhoc classifies these workers as independent contractors and pays them their regular hourly rate for all hours worked.

11.     Team Adhoc locates, interviews, hires, maintains employment records on, and also supervise performance of the workers. Team Adhoc retains the right to terminate these workers at any time, with or without cause, and without prior notice.

12.     East West is one of Team Adhoc's clients.

13.     East West contracts with Team Adhoc to obtain workers.

14.     When Team Adhoc places these workers with East West, the East West office serves as the workers' worksite.

15.     East West supervises the workers Team Adhoc supplies to it.

16.     East West controls the work schedules of the workers Team Adhoc supplies to it.

17.     East West keeps records of the hours worked by the workers Team Adhoc supplies to it.

18. East West approves the timesheets of the workers Team Adhoc supplies to East West.

19. East West has the right to terminate the employment of the employees Team Adhoc supplies to it.

20. East West maintains employment records with respect to the workers Team Adhoc supplies to it.

21. Based on information and belief, the rates of pay East West paid to Team Adhoc for the workers were the same for all hours worked.

22. Solomon started working for Team Adhoc and East West in 2016.

23. During his employment with Team Adhoc, East West was Solomon's work site.

24. During his employment, Solomon even used an East West e-mail address.

25. East West employed Solomon within the meaning of the FLSA and the California Labor Code.

26. Defendants paid Solomon by the hour. Solomon was paid $90 an hour.

27. Team Adhoc, after East West's supervisor approved the timesheet, paid Solomon the same hourly rate for all hours worked on his timesheet, including overtime hours.

28. Because he was paid by the hour, Solomon recorded the hours he worked.

29. Solomon recorded his time in East West's timekeeping system.

30. East West approved Solomon's timesheets each pay period.

31. Solomon reported the hours he worked to Team Adhoc on a regular basis.

32. Defendants maintained accurate records of the hours Solomon worked.

33. These records demonstrate that Solomon regularly worked more than 8 hours in a day and 40 hours a week. He often worked more than 12 hours in a

3

single day, and sometimes worked 7 days a week.

34.    Team Adhoc's records reflect the wages it paid to Solomon.

35.    And despite knowing Solomon regularly worked more than 8 hours (and often 12 hours) in a day, and more than 40 hours in a week, Defendants never paid Solomon overtime. Instead, Team Adhoc paid Solomon the same hourly rate for all hours worked, including those in excess of 8 (and 12) in a day, as well as those in excess of 40 in a workweek.

36.    This "straight time for overtime" scheme violates state and federal law requiring overtime pay equal at least 1.5 times the worker's regular rate. 29 U.S.C. § 207(a); Cal. Labor Code § 510. It also violates California's requirement that hours worked in excess of 12 in a day, or after 8 on the 7th consecutive day of work, be paid at double time. Cal. Labor Code § 510.

37.    Defendants knew state and federal law required overtime pay to hourly workers like Solomon.

## COLLECTIVE ACTION ALLEGATIONS

38.    Solomon incorporates the preceding paragraphs by reference.

39.    Defendants' illegal "straight time for overtime" policy extended well beyond Solomon. Many other hourly workers jointly employed by Defendants were paid according to the same unlawful scheme.

40.    These workers are similarly situated to Solomon. They were all paid by the hour, but received only received straight time for hours worked in excess of 40 in a week. Because the workers were subject to the same "straight time for overtime" scheme as Solomon, they are entitled to overtime under the FLSA for the same reasons as Solomon.

41.    The employees impacted by the unlawful "straight time for overtime" policy should be notified and given the chance to join this action pursuant to 29 U.S.C. § 216(b). This "FLSA Class" is properly defined as:

///

**All hourly workers that Team Adhoc provided to East West that were paid at "straight time" rates for hours worked in excess of 40 in a week during the period from three years prior to the filing of the Complaint to present.**

### CLASS ACTION ALLEGATIONS

42.   Solomon incorporates the preceding paragraphs by reference.

43.   Solomon brings his state law claims on behalf of himself and all other similarly situated Workers employed in California. The "California Class" Solomon seeks to represent is defined as:

**All hourly workers that Team Adhoc provided to East West that were paid at "straight time" rates for hours worked in California in excess of 8 in a day and/or 40 in a week during the period from four years prior to the filing of the Complaint to the present.**

44.   <u>Numerosity</u>: Solomon worked with numerous other members of the California Class. Defendants jointly employed more than 25 California Class members in the past three years, and up to 40 California Class members in the past four years.

45.   <u>Commonality</u>: Solomon's and the California Class' claims share numerous common questions of law and fact. Common questions presented in this case include:

    i.   Whether the "straight time for overtime" policy violates the California Labor Code;

    ii.   Whether the "straight time for overtime" policy violates the FLSA;

    iii.   Whether Defendants improperly classified the California Class as exempt;

    iv.   Whether Defendants jointly employ the workers Team Adhoc supplies to East West within the meaning of the FLSA;

    v.   Whether Defendants jointly employ the workers Team Adhoc supplies

to East West within the meaning of the California Labor Code; and

vi. Whether Defendants violated the California Competition Law by violating the FLSA and/or the California Labor Code.

46.     Each of these questions can be resolved based on common evidence, and the resolution of these questions will materially advance, if not entirely dispose of, this case.

47.     Typicality: Solomon's claims are typical of the other members of the California Class. Like Solomon, the California Class was paid according to the same "straight time for overtime" scheme for hours worked in excess of 8 in a day, and/or 40 in a week. Because the failure to pay overtime resulted from a commonly applied practice or policy of treating hourly workers as if they were exempt from the requirements of state and federal wage and hour laws.

48.     Adequacy: Solomon will fairly and adequately protect the interests of the California Class. He has no material conflicts with the California Class, all of whom seek the same type of remedies flowing from the same violations of law. He has also retained counsel with significant experience in litigating wage and hour cases on a class basis.

49.     Predominance: Solomon and the California Class were denied wages based on commonly applicable policies and practices. The question of whether Defendants violated the law by, for example, paying "straight time for overtime" predominates over any individual questions. Once the common liability questions are resolved, the damages owed to each member, for each claim, can be readily calculated based on Defendants' own records.

50.     Superiority: A class action is the superior method for the fair and efficient adjudication of this matter. Solomon' and the California Class' claims all arise from the same common practices and policies, particularly the policy of paying "straight time for overtime." Thus, it is far more efficient, and fair, to determine the legality of this issues in a single stroke (after appropriate notice to all

potentially interested parties). And given Team Adhoc's business, many members of the California Class are likely to have been employed for relatively brief periods and have relatively small individual claims. Finally, Defendants' records allow for a ready calculation of the damages owed to each class member. Thus, a class action can resolve virtually all, if not all, issues related to the California Class' claims.

**FIRST CAUSE OF ACTION**

**Failure to Pay Overtime (FLSA)**

51.   Solomon incorporates the preceding paragraphs by reference.

52.   Defendants violated the FLSA by employing Solomon and the FLSA Class in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than 40 hours without paying overtime at rates no less than 1 and 1/2 the regular rates for which they were employed.

53.   Defendants knowingly, willfully or in reckless disregard carried out their illegal pattern or practice of failing to pay Solomon and all those similarly situated overtime compensation. Each Defendant's decision to deny Solomon and the FLSA Class overtime was neither reasonable, nor made in good faith. Accordingly, Solomon and the FLSA Class are entitled to unpaid overtime wages, liquidated damages, attorneys' fees and costs.

**SECOND CAUSE OF ACTION**

**Failure to Pay Overtime (California Labor Code § 510)**

54.   Defendants treated Solomon and the California Class as exempt from the applicable state and federal overtime laws and denied them overtime wages. Defendants suffered or permitted the California Class (including Solomon) to work more than 8 and/or 12 hour in a day, and/or 40 hours in a week, in California, without paying them overtime as required by the California Labor Code.

55.   By failing to pay overtime to Solomon and the California Class, Defendants violated the California Labor Code and the provisions of the applicable

I.W.C. Wage Order, which require overtime compensation to non-exempt employees.

56.     As a result of Defendants' unlawful acts, Solomon and the California Class have been deprived of overtime compensation in an amount to be determined at trial, and are entitled to recovery of such amounts, plus interest thereon, attorneys' fees, and costs, under Labor Code § 1194.

### THIRD CAUSE OF ACTION

### Failure To Pay Final Wages

57.     California Labor Code § 201 requires an employer who discharges an employee to pay all unpaid wages owed to that employee immediately.

58.     California Labor Code § 202 requires an employer to pay all wages owed to an employee within 72 hours of that employee's resignation.

59.     Under California Labor Code § 203, an employer willfully failing to pay all wages due upon separation from employment is liable for continued wages for each day payment in full is not made, up to 30 days.

60.     Defendants willfully failed to timely pay wages, including overtime, owed to Solomon and to certain members of the California Class after their employment terminated. Although Solomon left Defendants' joint employment more than four months ago, he still has not been paid all wages. As a result, Defendants are liable to Solomon and other members of the California Class for 30 days additional wages.

### FOURTH CAUSE OF ACTION

### Violations of California UCL

61.     California Business & Professions Code § 17200, known as the Unfair Competition Law (UCL), prohibits unfair competition in the form of any unlawful, unfair, or fraudulent business act or practice.

62.     Section 17204 permits "any person acting for the interests of itself, its members or the general public" to prosecute a civil action for violation of the UCL.

63.    For at least four years preceding the filing of the original complaint in this matter, Team Adhoc engaged in unlawful, unfair and/or fraudulent business acts and practices as defined by § 17200 by engaging in the acts alleged in this Complaint. For example and not by way of limitation, Defendants failed to pay overtime compensation for all hours worked in excess of 8 and 12 hours a day, and/or 40 hours in a week for work, performed in California. This failure to pay overtime violated both federal and California state law.

64.    The violations of law, including the FLSA and the California Labor Code, described herein serve as predicate acts and practices for the purposes of UCL § 17200.

65.    As a direct and proximate result of Defendants' unlawful, unfair, and/or fraudulent acts and practices described herein, they received and continue to hold ill-gotten gains belonging to Solomon and the Class Members. Defendants profited from their unlawful, unfair, and/or fraudulent acts and practices in the amount of those unpaid overtime compensation and interest accrued by Solomon and those similarly situated to him.

66.    Solomon and the California Class are entitled to restitution pursuant to UCL §§ 17203 and 17208 for all unpaid overtime compensation and interest since four years from the filing of this action.

67.    Solomon and the California Class are entitled to enforce all applicable penalty provisions of the California Labor Code pursuant to UCL § 17202.

68.    Solomon' success in this action will enforce important rights affecting the public interest. In this regard, Solomon sues on behalf of the public as well as on behalf of himself and others similarly situated. Solomon seeks and is entitled to the unpaid compensation, declaratory, and any other appropriate remedy.

69.    Injunctive relief is necessary and appropriate to prevent Defendants from continuing and repeating its unlawful, unfair and fraudulent business acts and practices alleged above.

70.    In order to prevent Defendants from profiting and benefiting from wrongful and illegal acts and continuing those acts, an order requiring Defendants to disgorge all the profits and gains reaped and restore such profits and gains to its workers, from whom they were unlawfully taken.

71.    Solomon has assumed the responsibility of enforcement of the laws and lawful claims specified herein. There is a financial burden incurred in pursuing this action that is in the public interest. Therefore, attorneys' fees are appropriate pursuant to Code of Civil Procedure § 1021.5.

72.    Team Adhoc's acts described herein constitute unlawful business acts and practices in violation of the UCL, entitling Solomon and the California Class to recover their back wages, interest and costs.

## PRAYER FOR RELIEF

WHEREFORE, Solomon, on behalf of himself and the FLSA Class, prays for relief as follows:

1.    Conditional certification of this case as a collective action;

2.    Issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated employees apprising them of the pendency of this action, and permitting them to assert timely FLSA claims in this action by filing individual consent forms pursuant to 29 U.S.C. § 216(b);

3.    Judgment finding Solomon and those similarly situated to be non-exempt employees under the FLSA;

4.    Judgment finding Defendants violated the overtime provisions of the FLSA;

5.    Judgment finding Defendants' violations of the FLSA were willful;

6.    Judgment awarding all unpaid overtime wages owed under the FLSA;

7.    Judgment awarding an amount equal all unpaid wages as liquidated damages;

8.      Judgment awarding reasonable attorney's fees and costs;

9.      Judgment awarding pre- and post-judgment interest at the highest rates allowed by law;

10.     Judgment for such other and further relief, in law or equity, as this Court deems appropriate and just.

WHEREFORE, Solomon, on behalf of himself and all members of the California Class, prays for relief as follows:

1.      Judgment awarding all unpaid overtime wages, other due wages, and injunctive relief under California law;

2.      Certification of this case as a class action pursuant to Fed. R. Civ. Pro. 23;

3.      Designation of Solomon as the representative of the California Class, and his counsel of record as Class Counsel;

4.      Judgment awarding appropriate equitable relief to remedy Defendants' violations of law;

5.      Judgment awarding appropriate statutory penalties;

6.      Judgment awarding all damages, liquidated damages, and restitution shown to be owed by Defendants;

7.      Judgment awarding attorneys' fees and costs of suit, including expert fees pursuant to Cal. Labor §§ 1194 & Cal. Code of Civil Procedure § 1021.5;

8.      Judgment awarding pre- and post-judgment interest at the highest rates allowed by law;

9.      Judgment for such other and further relief, in law or equity, as this Court deems appropriate and just.

///

Plaintiffs demand trial by jury on all issues so triable.

Respectfully Submitted,

Dated:  May 15, 2017                              DESAI LAW FIRM, P.C.

By:        /s/ Aashish Y. Desai
           Aashish Y. Desai (SBN 187394)
           Adrianne De Castro (CA 238930)

           3200 Bristol Street, Ste. 650
           Costa Mesa, CA 92626
           Telephone: (949) 614-5830
           Facsimile: (949) 271-4190
           aashish@desai-law.com